The Court

(present Burjee, Wattes, and Bay, Jus. tices)
were unanimously of opinion, that a new trial ought not be allowed. First, because the bond was given many years after the discount originated, which was during the war ; and it is a maxim in law, that a specialty or bond, extinguishes all simple contracts between the parties. Secondly, that it was a clear rule of law, that no new trial can ever be granted for the discovery of evidence, which, by due diligence, might have been had at the trial; and the more especially, as Postell, on whose affidavit the defend? ant so much relied, lived in the country, and might have been subpoenaed. That, thirdly, it was too late, after a lapse of six years, to come in and move for a new trial, even if the cause was good in common cases ; that it would be a dangerous precedent to set aside judgments after so great a lapse of time ; there would be no security in them, if they might be set afloat after a tacit acquiescence for so many years. And lastly, that it was a well known rule of law, that upon a scire facias, Or audita querela, nothing could be pleaded which might have been made a ground of defence *493 in the original action; it must be something subsequent to the action.
The court were also of opinion, that GaiHard's case, so much relied on, was not applicable to the present. GaiU lard never gave a bond for his amerciament; but always refused it, on account of his claim against the state, for rice and other things taken from his plantation for the use of the American army; and when sued for his amerciament under the act, he came forward with his discount, and established it; and the jury, under the direction of the court, allowed it, and he had a verdict in his favour. It is probable that the present defendant might also have had a verdict in his favour, had he refused to give his bond, and have come in with his discount at the trial j but it, was now to© late.
Motion discharged.